UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Robert Bohner,<br><br>        Plaintiff,<br><br>v.<br><br>Union Pacific Railroad Co.,<br><br>        Defendant. | Case No. _____<br><br>**COMPLAINT**<br>(JURY TRIAL DEMANDED) |

**PARTIES**

1. Plaintiff Robert Bohner is an individual who, during the events giving rise to his claims herein, resided and worked for Defendant Union Pacific in Purdy, Missouri.

2. Union Pacific is a railroad carrier engaged in interstate commerce. It operates trains throughout Missouri, and is headquartered in Omaha, Nebraska.

**JURISDICTION AND VENUE**

3. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331.

4. This Court has personal jurisdiction over Union Pacific because Union Pacific maintains a significant business presence within Missouri, and Union Pacific's acts and omissions giving rise to Bohner's claim occurred in Missouri.

5. Venue is proper in this division pursuant to 28 U.S.C. § 1391 because the substantial part of the events or omissions giving rise to Bohner's claims occurred here.

**FACTUAL ALLEGATIONS**

6. Bohner was hired by Union Pacific in 1994.

7. Bohner suffers from Lyme disease.

8. Bohner suffer from arthritis.

9. Bohner's Lyme disease is a physical impairment that substantially limits his ability to care for himself, perform manual tasks, see, hear, eat, sleep, walk, stand, lift, bend, speak, breathe, learn, read, concentrate, think, communicate, and/or work.

10. Bohner's arthritis is a physical impairment that substantially limits his ability to care for himself, perform manual tasks, see, hear, eat, sleep, walk, stand, lift, bend, speak, breathe, learn, read, concentrate, think, communicate, and/or work.

11. On May 29, 2018, a supervisor removed Bohner from service, stating that he observed Bohner out of breath.

12. The supervisor resided in this divison

13. Thereafter, Bohner was examined by his doctor, who found Bohner could perform his job's essential functions.

14. Union Pacific refused to reinstate Bohner, instead requiring him to pay for and take a cardiac test.

15. Despite passing the cardiac test, Union Pacific continued to refuse to return Bohner to work, claiming that he now also needed to undergo a field examination.

16. On July 19, 2018, two managers, two Union Reps and a signal maintainer performed such examination.

17. While the union representative saw that Bohner passed, the managers claimed that Bohner was unable to bend and squat, and therefore failed him and said he could not return to work.

18. The managers perceived Bohner as suffering from a physical impairment that substantially limits his ability to care for himself, perform manual tasks,

see, hear, eat, sleep, walk, stand, lift, bend, speak, breathe, learn, read, concentrate, think, communicate, and/or work; and used such perception as their basis to refuse to reinstate him.

## CAUSES OF ACTION

### COUNT I
### DISABILITY DISCRIMINATION, IN VIOLATION OF THE ADA

19. Section 12112(a) of the ADA prohibits employers from discriminating against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

20. At all relevant times, Bohner was an individual with a disability under the ADA.

21. Bohner is a qualified individual under the ADA.

22. Union Pacific has discriminated against Bohner on the basis of disability when it removed him from service, forced him to pay for testing, and withheld him from service.

23. Because Union Pacific violated 42 U.S.C. § 12112, Bohner has suffered and will continue to suffer loss of income, emotional distress, and other damages in an amount to be determined by the trier of fact. Bohner is also entitled to attorneys' fees and costs incurred in connection with these claims.

24. Union Pacific committed the above-alleged acts with reckless or deliberate disregard for Bohner's rights. As a result, Bohner is entitled to punitive damages.

### COUNT II
### FAILURE TO ACCOMODATE, IN VIOLATION OF THE ADA

25. At all relevant times, Bohner was an individual with a disability under the

ADA.

26. Union Pacific was aware of Bohner's disability.

27. Discriminating against a qualified individual with a disability includes:

> [N]ot making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity[.]

42 U.S.C. § 12112(b)(5)(A).

28. If Union Pacific believed that Bohner's disability prevented him from performing any essential function of his job, it had a duty to explore whether a reasonable accommodation existed that would allow Bohner to perform the essential functions of his job.

29. Union Pacific failed to engage with Bohner in the interactive process, and failed to offer reasonable accommodation to Bohner.

30. Because Union Pacific violated 42 U.S.C. § 12112, Bohner has suffered and will continue to suffer loss of income, emotional distress, and other damages in an amount to be determined by the trier of fact. Bohner is also entitled to attorneys' fees and costs incurred in connection with these claims.

31. Union Pacific committed the above-alleged acts with reckless disregard or deliberate disregard for Bohner's rights and safety. As a result, Bohner is entitled to punitive damages.

## COUNT III
## IMPERMISSIBLE MEDICAL EXAMINTION, IN VIOLATION OF THE ADA

32. At all relevant times, Bohner was an individual with a disability under the ADA.

33.     Section 12112(d)(1) of the ADA defines "discriminat[ing] against a qualified individual on the basis of disability" as including certain medical examinations and inquiries.

34.     Section 12112(d)(4) of the ADA prohibits employers from "requir[ing] a medical examination and [from]. . . mak[ing] inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity"

35.     Union Pacific discriminated against Bohner on the basis of disability by making inquiry into Bohner's medical records, in violation of 42 U.S.C. § 12112(d)(4).

36.     Because Union Pacific violated 42 U.S.C. § 12112, Bohner has suffered and will continue to suffer loss of income, emotional distress, and other damages in an amount to be determined by the trier of fact. Bohner is also entitled to attorneys' fees and costs incurred in connection with these claims.

37.     Union Pacific committed the above-alleged acts with reckless disregard or deliberate disregard for Bohner's rights and safety. As a result, Bohner is entitled to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Bohner prays for judgment against Union Pacific as follows:

38.     That the practices of Union Pacific complained of herein be determined and adjudged to constitute violations of the ADA;

39.     For an injunction against Union Pacific and its directors, officers, owners, agents, successors, employees and representatives, and any and all persons acting in

concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

40. For an award of damages arising from loss of past and future income, emotional distress, and other compensatory damages in an amount to be determined by the trier of fact;

41. For an award of pre-judgment interest, as provided by law;

42. For an award of Bohner's costs, disbursements and attorneys' fees pursuant to law;

43. For all relief available under the ADA;

44. For such other and further relief available by statute; and

45. For such other and further relief as the Court deems just and equitable.


Dated:  September 16, 2019


**GROVES POWERS, LLC**

*/s/Steven L. Groves*
Steven L. Groves, #40837
One US Bank Plaza
505 N. 7th Street, Suite 2010
St. Louis, MO 63101
(314)696-2300
(314)696-2304 fax
*sgroves@grovespowers.com*

6

**THE MOODY LAW FIRM**

s/ *Nicholas D. Thompson*
Nicholas D. Thompson
(*pro hac admission pending*)
nthompson@moodyrrlaw.com
500 Crawford Street, Suite 200
Portsmouth, VA 23704
(757) 673-9161 Work
(757) 477-0991 Cell
(757) 397-7257 Fax

**ATTORNEYS FOR PLAINTIFF**