UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT BOHNER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 4:19-cv-2581-SEP |
| | ) |
| UNION PACIFIC RAILROAD COMPANY, | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Union Pacific Railroad Company's motion to partially dismiss Plaintiff Robert Bohner's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief may be granted. Doc. [5]. Plaintiff opposes the motion, which is fully briefed. For the following reasons, the motion will be granted in part and denied in part.

    **I.**    **Background**

At all times relevant to the Complaint, Plaintiff was employed by Defendant Union Pacific Railroad Company. Plaintiff began his employment with Defendant in 1994. He alleges that on May 29, 2018, his supervisor removed him from service when he observed Plaintiff experiencing shortness of breath. Plaintiff suffers from arthritis and Lyme disease, which he claims "substantially limits his ability to care for himself, perform manual tasks, see, hear, eat, sleep, walk, stand, lift, bend, speak, breathe, learn, read, concentrate, think, communicate, and/or work." Doc. [1] ¶¶ 8-9. Plaintiff does not state what position he holds with Defendant and does not provide a description of his job duties.

After being removed from service, Plaintiff alleges he was examined by his doctor who determined he could perform the essential functions of his job. Despite this medical opinion,

Defendant refused to reinstate Plaintiff until he underwent a cardiac test. Plaintiff alleges that despite his paying for and passing the cardiac test, Defendant continued to refuse him work and subsequently required him to complete a field examination. Plaintiff states he underwent a field examination on July 19, 2018, which was performed by two of Defendant's managers, two union representatives, and a signal maintainer. Plaintiff alleges that his managers failed him on the field examination because he was unable to bend and squat, and he was again denied reinstatement.

Plaintiff filed the instant action on September 16, 2019, asserting claims for disability discrimination (Count I), failure to accommodate (Count II), and impermissible medical examinations (Count III) under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* ("ADA"). Defendant seeks to dismiss Counts II and III of the Complaint for failure to state a claim on which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.     Legal Standard

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570 (abrogating the traditional 12(b)(6) "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A plaintiff need not provide specific facts in support of his allegations, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam), but must include sufficient factual information to provide the "grounds" on which the claim rests, and "to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555 & n.3. *See also Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562 (quoted case omitted).  On a motion to dismiss, the Court accepts as true all the factual allegations contained in the complaint and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief.  *Id.* at 555–56; Fed. R. Civ. P. 8(a)(2).

### III.  Discussion

*A. Failure to Accommodate (Count II)*

Defendant argues that Plaintiff's failure to accommodate claim should be dismissed because Plaintiff alleges in his Complaint that he can perform the essential functions of the job and admits he did not request a specific accommodation.  According to Defendant, when an employee claims he can perform the essential functions of the job and does not request or identify an accommodation, a failure to accommodate claim must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

In his opposition, Plaintiff explains that he did not identify a way in which Defendant could have accommodated his disability because he does not believe his job's essential functions require an accommodation and because the law does "not require employees to identify in their complaints the ways in which their disabilities could have been accommodated." Doc. [9] at 1, 4-5.  Plaintiff further states that he brought the failure to accommodate claim only as a means "to reserve his right to respond to any argument to the contrary." *Id.* at 1, 5.

To support a failure to accommodate claim, Plaintiff "must establish both a prima facie case of discrimination based on [his] disability and a failure to accommodate it." *Schaffhauser v. United Parcel Serv., Inc.*, 794 F.3d 899, 905 (8th Cir. 2015).  To establish a prima facie case of discrimination based on disability, Plaintiff must show "(1) a qualifying disability; (2)

qualifications to perform the essential functions of [his] position with or without reasonable accommodation; and (3) an adverse employment action due to [his] disability." *Kelleher v. Wal-Mart Stores, Inc.*, 817 F.3d 624, 631 (8th Cir. 2016) (cited cases omitted).

If the Court were to find that Plaintiff had established a prima facie case based on his disability, Plaintiff would then have to establish Defendant's failure to accommodate his disability. "To determine whether an accommodation for the employee is necessary, and if so, what that accommodation might be, it is necessary for the employer and employee to engage in an 'interactive process.'" *Schaffhauser*, 794 F.3d at 906 (quoting *Peyton v. Fred's Stores of Ark., Inc.*, 561 F.3d 900, 902 (8th Cir. 2009)). "This interactive, accommodation-seeking process must be initiated by the disabled employee, who must alert his employer to the need for an accommodation and provide relevant details of his disability." *Id.* (citing *EEOC v. Convergys Customer Mgmt. Grp.*, 491 F.3d 790, 795 (8th Cir. 2007)).

> To show that an employer did not engage in an interactive process, the employee must prove:
>
> 1) the employer knew about the employee's disability;
> 2) the employee requested accommodations or assistance for his or her disability;
> 3) the employer did not make a good faith effort to assist the employee in seeking accommodations; and
> 4) the employee could have been reasonably accommodated but for the employer's lack of good faith.

*Id.* (citing *Peyton*, 561 F.3d at 902).

Plaintiff is incorrect in his assessment that the law does "not require employees to identify in their complaints the ways in which their disabilities could have been accommodated." Doc. [9] at 1, 4-5. In support of his argument, Plaintiff cites to California case law, specifically *Nealy v. City of Santa Monica*, 234 Cal. App. 4th 359 (2015), and *Schauf v. American Airlines*, 2016 WL 110481 (E.D. Cal. Jan. 11, 2016), which analyzed employers' failures to provide

- 4 -

reasonable accommodations under the California Fair Employment and Housing Act, not the ADA.  These authorities are not binding on this Court and are unpersuasive, as they contradict Eighth Circuit precedent.

The Eighth Circuit has held definitively that an employee must request an accommodation in order to succeed on a claim for failure to accommodate.  *See Schaffhauser*, 794 F.3d at 906.  Plaintiff's Complaint does not allege that he requested an accommodation or that a reasonable accommodation was possible.  To the contrary, Plaintiff admits in his opposition briefing that he intentionally did not request an accommodation from his employer "because he does not believe his job's essential functions require him to bend and squat more than he did."  Doc. [9] at 5.  Regardless of whether Plaintiff thought he was physically able to perform the essential functions of his job, to state a failure to accommodate claim he must allege that he sought an accommodation from his employer and his employer failed to assist in it.

"A sufficient request for accommodation includes identification and discussion about what specific accommodations might be made to allow the individual to continue to perform the essential functions of his or her job." *Mills v. St. Louis Cty. Gov't*, 2018 WL 3208581, at *6 (E.D. Mo. June 29, 2018); *see also Nesser v. Trans World Airlines, Inc.*, 160 F.3d 442, 446 (8th Cir. 1998) (plaintiff is required to "make a facial showing that reasonable accommodation was possible" and then the burden shifts to the employer to show that it was unable to accommodate him).  Because Plaintiff's complaint does not allege facts to support a failure to accommodate claim, Count II must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

### B. Impermissible Medical Examinations (Count III)

Defendant argues that Plaintiff's impermissible medical examinations claim should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted,

because the Complaint is devoid of factual allegations demonstrating that Defendant required him to undergo an improper medical examination or inquiry and that such an examination or inquiry caused him a tangible injury. Defendant contends that the allegations in Plaintiff's Complaint are consistent with its ability as an employer to make inquiries regarding the health of its employees to perform job-related functions.

The ADA prohibits employers from requiring medical examinations or making inquiries "as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity." 42 U.S.C. § 12112(d)(4)(A). "This provision applies to all employees, regardless of whether the employee has an actual disability." *Thomas v. Corwin*, 483 F.3d 516, 527 (8th Cir. 2007) (citing *Cossette v. Minn. Power & Light*, 188 F.3d 964, 969 (8th Cir. 1999)). "To demonstrate compliance with § 12112(d)(4)(A), the employer bears the burden to show the asserted 'business necessity' is vital to the business and the request for a medical examination or inquiry is no broader or more intrusive than necessary." *Id.* (cited case omitted).

"[C]ourts will readily find a business necessity if an employer can demonstrate . . . a medical examination or inquiry is necessary to determine . . . whether the employee can perform job-related duties when the employer can identify legitimate, non-discriminatory reasons to doubt the employee's capacity to perform his or her duties." *Id.* (citing *Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 811 (6th Cir. 1999) (holding that "there must be significant evidence that could cause a reasonable person to inquire as to whether an employee is still capable of performing his job" to uphold an employer's request for an exam)). An employer's request for a medical examination is not inappropriate if it is not obvious that an employee suffers from a disability. *See Cody v. CIGNA Healthcare of St. Louis, Inc.*, 139 F.3d 595, 599 (8th Cir. 1998).

The question of whether an employer legitimately sought a medical evaluation is generally not one to be decided at this early stage of litigation.  "To survive a motion to dismiss, [P]laintiff must plead that (1) he was an employee of [D]efendant and (2) that [D]efendant required a medical examination or made a disability-related inquiry of him."  *Krehbiel v. Union Pac. R.R. Co.*, 2019 WL 3387049, at *5 (D. Kan. July 26, 2019).  Employer arguments as to whether the ADA would permit the inquiry as job-related or consistent with business necessity are premature on a motion to dismiss.  *Id.*; *see also Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1060 (7th Cir. 1998) (affirming denial of motion to dismiss that argued employee's medical evaluation was job-related and consistent with business necessity because "[a]t a later stage in this litigation, [defendant] will have an opportunity to demonstrate that it was necessary to make such an inquiry in this situation").

In the instant case, Plaintiff alleged that Defendant required him to undergo medical examinations because a supervisor observed him to be out of breath on one occasion.  While Defendant may dispute this allegation and argue the medical evaluations it required were job-related and consistent with business necessity, such arguments are inappropriate at the pleading stage.  To survive a motion to dismiss, Plaintiff need only "put the defendant on notice as to the nature of the claim against [it] and the relief sought," *Twombly*, 550 U.S. at 574, and he has met that standard here.

Defendant's argument that Plaintiff has not alleged a tangible injury also fails.  Plaintiff alleges that Defendant's medical inquiry into his shortness of breath was unlawful and its failure to return him to work and his resulting loss of wages was a direct consequence of the unlawful inquiry.  Allegations of lost wages and emotional distress are tangible injuries that could accrue when an employer refuses work to an employee based on an unlawful medical inquiry.  *See, e.g., Shoun v. Best Formed Plastics, Inc.*, 28 F. Supp. 3d 786, 790 (N.D. Ind. 2014) (finding an

"emotional injury" is a recognized tangible injury under the ADA).  Therefore, the Court will not dismiss Plaintiff's impermissible medical examinations claim (Count III).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Partially Dismiss Plaintiff's Complaint Under Rule 12(b)(6) is **GRANTED in part** and **DENIED in part**.  Doc. [5].  The motion is **GRANTED** as to Plaintiff's failure to accommodate claim in Count II and **DENIED** as to Plaintiff's impermissible medical examinations claim in Count III.

**IT IS FURTHER ORDERED** that Plaintiff's failure to accommodate claim in Count II is **DISMISSED** for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

An appropriate order of partial dismissal will accompany this memorandum and order.

Dated this 14th day of September, 2020.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE