UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT BOHNER, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) Case No. 4:19-cv-02581-SEP |
| UNION PACIFIC RAILROAD COMPANY, | ) ) ) ) |
|     Defendant. | ) ) |

## MEMORANDUM & ORDER

Before the Court is Defendant Union Pacific Railroad Company's Motion for Bill of Costs as the prevailing party in this suit. Doc. [54]. The Motion has been fully briefed. For the reasons set forth below, the Motion is granted in part and denied in part.

### BACKGROUND

A final judgment was entered in favor of Defendant on August 3, 2021. Doc. [52]. Defendant filed a Motion for Bill of Costs on August 17, 2021. Doc. [54]. In its Motion, Defendant requests $10,475.97 in total costs, consisting of $380 in fees for service of summons and subpoena, $9,440.05 for fees for printed or electronically recorded transcripts obtained for use in the case, $40 for fees related to witnesses, and $615.92 for exemplification and the costs of making copies of materials necessary for use in the case. *Id.* at 1. Defendant attached to the Motion an itemization of the requested costs, Doc. [54-1], as well as three exhibits evidencing invoices and receipts for the expenses, Docs. [52-2], [52-3], [52-4].

Plaintiff filed an objection, arguing that the fees charged were either not properly taxable under 28 U.S.C. § 1920 or were "extraordinarily high," such that recovery should not be permitted.[1] Doc. [55] at 1. Plaintiff contends that the Court should bar the award of costs to

---

[1] Plaintiff points to *Jackson v. Union Pacific R.R. Co.*, 4:19-cv-69 (S.D. Iowa June 9, 2021), a recent case involving Defendant where the Court awarded no costs to Defendant. Doc. [55] at 1. Plaintiff argues that *Jackson* shows that Plaintiff should not bear any of the costs in the present litigation. *Id.* In that case, however, the Court ordered each party to pay its own costs when it entered judgment in favor of Defendant. The same is not true here; thus, that case is not helpful in deciding this Motion.

Defendant entirely or award only $3,133.57—the costs Defendant would have incurred had it "acted prudently." *Id.* at 1-2.

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(d) grants district courts "broad discretion" over the award of costs to prevailing parties. *Little Rock Cardiology Clinic PA v. Baptist Health*, 591 F.3d 591, 601 (8th Cir. 2009). The costs that a federal court may tax under Rule 54(d) are enumerated in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 440 (1987). The Court may tax costs for:

> (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under section 1923 of this title; (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. The Court may not award costs other than those authorized by § 1920 because the section "imposes rigid controls on cost-shifting in federal courts." *Cowden v. BNSF Ry. Co.*, 991 F. Supp. 2d 1084, 1087 (E.D. Mo. 2014) (quoting *Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002)) (cleaned up).

It is presumed that a prevailing party is entitled to costs. *See* Fed. R. Civ. P. 54(d); *Bathke v. Casey's General Stores, Inc.*, 64 F.3d 340, 347 (8th Cir. 1995). "When an expense is taxable as a cost . . . there is a strong presumption that a prevailing party shall recover it in full measure." *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002) (internal quotation marks omitted) (quoting *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 462, 468 (3d Cir. 2000)). "The 'losing party bears the burden of making the showing that an award is inequitable under the circumstances.'" *Id*. The Court must carefully scrutinize the claimed costs and the support offered for them. *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 232-33, 235 (1964); *Alexander v. National Farmers Org.*, 696 F.2d 1210, 1212 (8th Cir. 1982); *Davis v. Parratt*, 608 F.2d 717, 718 (8th Cir. 1979).

## DISCUSSION

**I.     Defendant is entitled to some, but not all, of its costs.**

### A. The costs associated with the service of deposition subpoenas for Dr. Heider and Dr. Roeder are taxable.

Defendant seeks to tax Plaintiff $380 for fees associated with the deposition subpoenas for Dr. Heider and Dr. Roeder. Doc. [54-1] at 1. Plaintiff objects to those fees, arguing that they are both professionals, "who usually will waive service." Doc. [55] at 10. As Defendant points out, however, the Court "allows the taxation of . . . fees for service of summons and subpoena." Doc. [56] at 8 (quoting *Koester v. Young Men's Christian Assn. of Greater St. Louis*, 2017 WL 2929467, at *2 (E.D. Mo. July 7, 2017)). Even if professionals do typically waive service of process, Plaintiff provides no authority suggesting that they are required to; nor has he argued that such costs are not taxable. *See* Doc. [55] at 10. Accordingly, the $380 in fees for service of deposition subpoenas will be taxed against Plaintiff.

### B. Dr. Lehman's deposition was not improper, and Plaintiff's consent to the deposition does not preclude Defendant from recovering costs.

Defendant seeks to tax Plaintiff $874.85 for the expenses associated with the deposition of Defendant's expert, Dr. Lehman.[2] Doc. [54-1] at 1. Plaintiff argues that the entirety of that cost should be not be taxed upon him because: (1) his attorney was not present at the deposition due to a "clerical error," and therefore it was improper for Defendant to proceed with the deposition and (2) because Plaintiff allowed Dr. Lehman to appear at trial via videotaped deposition at Defendant's request, he should only be bound to pay the $40 witness fee that could have been taxed against him if Dr. Lehman testified at trial.[3] Doc. [55] at 8.

The Court agrees with Defendant that Plaintiff's counsel's absence from the deposition does not preclude Defendant's recovery of its costs. By Plaintiff's own admission, he consented to Dr. Lehman testifying via a videotaped deposition. Docs. [55] at 8; [50] at 1. Although the parties disputed the admissibility of that deposition because of Plaintiff's failure to appear, *see* Doc. [50], that dispute has nothing to do with whether Defendant is entitled to recover costs of

---

[2] In their objections, Plaintiff states that "[Defendant] seeks $874.50 for the deposition of its own expert, Richard Lehman." Doc. [55] at 7 (citing Doc. [54-1] at 1). Upon review of Defendant's itemization, the Court finds that Defendant has requested $874.85 for the deposition of Dr. Lehman.

[3] Plaintiff also maintains that the "phantom fees" associated with Dr. Lehman's deposition cannot be taxed upon him. Doc. [55] at 7. The Court addresses those fees throughout this Order.

3

the agreed-upon deposition.  And for the same reason, the Court is not persuaded that Plaintiff's consent to conduct the videotaped deposition—instead of having Dr. Lehman testify in person at trial—somehow negates Defendant's right to recover the costs of the deposition.

Plaintiff bears the burden to demonstrate that Defendant's recovery of costs is inequitable under the circumstances presented here.  *Concord Boat Corp.*, 309 F.3d at 498.  The Court cannot find, especially in light of the strong presumption that Defendant, as the prevailing party should recover its costs, that taxing costs for an agreed-upon deposition would be inequitable.

### C.  Some of Defendant's other deposition-related expenses are taxable.

Defendant has sought costs for the depositions of 13 witnesses, totaling $9,440.05.  Doc. [54-1] at 2.  Plaintiff objects to some of the expenses associated with the depositions of five individuals:  Plaintiff; Defendant's expert witness, Dr. Kevin Trangle; Plaintiff's expert witness, Dr. Richard Lehman; and two of Plaintiff's medical providers, Dr. Allison Heider and Dr. Edwin Roeder.  Doc. [55] at 2-10; Doc. [56] at 3.  Specifically, Plaintiff argues that Defendant's court reporter charged an unreasonable rate and used "phantom fees," including court reporter attendance fees, archive fees, scanning of deposition exhibit fees, audio codes for remote attendance fees, and shipping and handling fees.  Doc. [55] at 2-10.

#### 1.  *The transcription fees are taxed against Plaintiff in part.*

Defendant seeks to tax Plaintiff the costs of the five deposition transcripts, totaling $2,915.75.[4]  *See* Doc. [55].  Plaintiff argues that the deposition transcripts cost anywhere from $1 to $2.35 more per page than the maximum rate set by the Judicial Conference of the United States, $3.65.  *See id.*  As such, Plaintiff argues that the costs of the deposition transcripts are unreasonable and cannot be imposed on him in full.  *See id.*  Defendant contends that Plaintiff fails to cite any legal authority that requires parties to use court reporters that have the same rate as those established by the Judicial Conference of the United States or the same rates charged by Plaintiff's court reporter.  Doc. [56] at 3.  Defendant also notes that the costs incurred also include an additional certified copy of the deposition transcripts, for which the maximum rate set by the Judicial Conference of the United States is $4.55.  *Id.* at 3, n.1.

---

[4] Specifically, the cost is broken down as follows:  Plaintiff's deposition cost $934.65 (201 pages at $4.65 per page); Dr. Heider's cost $270.30 (51 pages at $5.30 per page); Dr. Lehman's cost $305.90 (38 pages at $8.05 per page); Dr. Roeder's cost $174.90 (33 pages at $5.30 per page); and Dr. Trangle's cost $1,230 (205 pages at $6.00 per page).  Doc. [54-3] at 2, 6, 7, 14, 15.

4

Here, however, the challenged depositions involve much higher price per page transcription rates than the Court typically finds to be reasonable. *Burdess v. Cottrell, Inc.*, 2022 WL 888135, at *2 (E.D. Mo. Mar. 25, 2022) ("Courts in this district have routinely found transcript fees in the range of $3.00 to $4.00 per page to be reasonable."). Indeed, costs charged per-page were $8.05 with respect to Dr. Lehman's; $5.30 as to Dr. Roeder's and Dr. Heider's, $6.00 as to Dr. Trangle's; and $4.65 for Plaintiff's. Doc. [54-3] at 2, 6, 7, 14, 15. Defendant offers no explanation for the relatively high transcription costs associated with these depositions. Accordingly, in its discretion, the Court will reduce Defendants' transcription fees by half and assess $1,457.88 against Plaintiff. *Hoover v. Bayer Healthcare Pharm. Inc.*, 2017 WL 2321146, at *4 (E.D. Mo. Mar. 27, 2017) ("[I]t is within the sound discretion of the trial court to grant, modify or deny requests for taxation of costs."); *see Burdess*, 2022 WL 888135, at *3 (reducing fees by half because the defendant did not explain the unreasonable and above-market transcription prices).

### 2. *The court-reporter attendance fees are taxable costs.*

Plaintiff contends that Defendant's chosen court-reporting agency charged miscellaneous "phantom fees," including attendance fees totaling $1,080.[5] Plaintiff argues that they should not be taxed for the costs associated with Defendant using an agency "that charges an attendance fee in addition to its already absurdly high rate[.]" Doc. [55] at 3. Attendance fees have been found by this Court to be taxable under § 1920, however. *See Cramer v. Equifax Info. Servs., LLC*, 2020 WL 887996, at *3 (E.D. Mo. Feb. 24, 2020) (collecting cases), *appeal dismissed*, 2020 WL 4876741 (8th Cir. July 22, 2020) ("Court reporter attendance fees are taxable costs for the prevailing party."). Accordingly, those costs will be taxed against Plaintiff.

### 3. *The archive fees are not taxable costs.*

Defendant argues that it is entitled to archive fees that total $50—$10 dollars for each of the five depositions. Doc. [54-3] at 2, 6, 7, 14, 15. The Court has previously held that "archiving expenses are not recoverable under 28 U.S.C. § 1920." *Morgan v. Orthopaedic Assocs. of Se. Missouri, P.C.*, 2014 WL 3687120, at *2 (E.D. Mo. July 24, 2014) (citing *Moultrie*

---

[5] The fees incurred for court-reporter attendance are: $540 for Dr. Trangle's deposition, Doc. [54-3] at 15); $280 for Plaintiff's deposition, *id.* at 2; $80 for Dr. Heider's deposition, *id.* at 6; $80 for Dr. Roeder's deposition, *id.* at 14; and $100 for Dr. Lehman's deposition, *id.* at 7.

5

*v. Penn Aluminum Int'l, LLC*, 2014 WL 87830, at *3 (S.D. Ill. Jan. 9, 2014)).  As such, the Court will disallow those costs and reduce the amount taxed by $50.

### 5. *The costs of scanning exhibits are not taxable costs.*

Defendant seeks to tax Plaintiff $57.15 for the costs of scanning exhibits at the depositions of Plaintiff and Dr. Lehman.[6] Doc. [54-3] at 2.  Plaintiff objects to those costs because the exhibits were already produced to Defendant during discovery.  Doc. [55] at 7.  Defendant responds that § 1920(4) authorizes this Court to tax "the costs of making copies of any materials where the copies are necessarily obtained for use in the case."  Doc. [56] at 4.

Previously, this Court has held that the costs associated with scanning exhibits are properly taxable.  *See Farnsworth v. Covidien, Inc.*, 2010 WL 2160900, at *3 (E.D. Mo. May 28, 2010).  However, when exhibits already produced in discovery are scanned for the convenience of a deposing attorney, courts outside of this jurisdiction have deemed such costs not taxable.  *See, e.g.*, *Williams v. Schwarz*, 2018 WL 4705558, at *2 (N.D. Ill. Oct. 1, 2018).  This Court finds *Williams* persuasive; where a party already possesses the copied document, the copies cannot be said to have been "necessarily obtained for use in the case," as the text of § 1920(4) requires.[7] Therefore, the Court reduces the amount taxed on Plaintiff by $57.15 for the costs related to the scanning of exhibits at Plaintiff and Dr. Lehman's depositions.

### 6. *The audio code fees are taxable.*

First, Defendant seeks to tax Plaintiff for the "audio code" fees incurred at the deposition of Dr. Heider ($15) and Dr. Roeder ($10), amounting to $25.  Doc. [54-3] at 6, 14.  Plaintiff objects to these costs being imposed on him, as Defendant has not explained the purpose of the codes.  Doc. [55] at 9–10.  Defendant responds that the fees were necessary to permit remote attendance of the depositions, which was essential due to the fact that they occurred at the height of the COVID-19 pandemic.  Doc. [56] at 3, 7; *see also* Doc. [54-3] at 6, 14 ("Attorney present by Telephone-Conference Code used").  For the same reasons that the connection fees are

---

[6] Defendant seeks to tax Plaintiff $43.20 for the cost of scanning exhibits for the deposition of Plaintiff and $13.95 for the cost of scanning exhibits for Dr. Lehman's deposition.  *See* Doc [54-3] at 2, 7.

[7] At least one case has held that where the cost of scanning is de minimis, the costs are taxable.  *See Vega v. Chicago Park Dist.*, 2020 WL 4053821, at *12-13 (N.D. Ill. July 20, 2020), *aff'd*, 12 F.4th 696 (7th Cir. 2021) (quoting *Hillmann v. City of Chicago*, 2017 WL 3521098, at *3 (N.D. Ill. Aug. 16, 2017) (noting that "exhibits are often authenticated during a deposition, and it may be necessary for attorneys to use the marked exhibit in order to benefit from that authentication").  The Court cannot conclude the same here, however, where Defendant has not argued that additional copies were necessary for such a reason.

taxable, and again considering the necessity of taking certain precautions during the COVID-19 pandemic and the presumption in favor of granting costs to the prevailing party, the Court finds that the $25 for audio code fees are properly taxable.

### 7. The shipping costs for the exhibits are taxable.

Defendant seeks to tax Plaintiff $40 for the cost of shipping back the exhibits used in the depositions of Plaintiff and Dr. Lehman to Plaintiff. Doc. [54-3] at 2, 7 ("Shipping is for return of original exhibits"). Plaintiff challenges these costs and argues that there should be no shipping costs for depositions produced via e-mail. Doc. [55] at 7. In support of his position, Plaintiff cites case law outside of this jurisdiction that deems the costs associated with shipping and handling to not be taxable under § 1920. *See Harrington v. RoundPoint Mortg. Servicing Corp.*, 2018 WL 4100957, at *10 (M.D. Fla. Aug. 9, 2018) (citing *Meidling v. Walgreen Co.*, 2015 WL 12838340, at *4 (M.D. Fla. June 19, 2015)) ("[T]he costs associated with . . . shipping and handling . . . are not taxable."). Defendant argues that this Court has previously held that a court reporter's shipping and handling charges for sending depositions to witnesses are recoverable under § 1920(4). Doc. [56] at 4 (citing *Arnold v. Amada America, Inc.*, 2008 WL 4449458 at *1 (E.D. Mo. Sept. 26, 2008)) (finding a court reporter's shipping and handling charges for sending documents to witnesses were recoverable).[8]

Here, Plaintiff does not argue that these costs are not taxable under §1920(4); he merely argues that Defendants should not have sent the exhibits back via mail. The Court finds *Arnold* persuasive and finds that Plaintiff has not rebutted the presumption that Defendant is entitled to the shipping costs in full. *See Bathke*, 64 F.3d at 347. Accordingly, the $40 for shipping fee will be taxed against Plaintiff.

### D. The cost of videotaping Plaintiff's and Dr. Trangle's deposition are taxable, but certain fees associated with them are not.

Defendant incurred a total of $4,150 in expenses relating to videotaping the depositions of Plaintiff and Dr. Trangle, which includes the hourly costs of the deposition, set up charges, sync charges, and video connection fees. Doc. [54-3] at 2, 15.

Generally, a party may recover "costs for *either* 'printed' or 'electronically recorded' transcripts . . . but not both" under § 1920. *Hemminghaus v. Missouri*, 2013 WL 10256095, at

---

[8] While Defendant cites to 28 U.S.C. § 1920(2), *Arnold*'s language suggests that the court found the shipping charges recoverable under § 1920(4). *See Arnold*, 2008 WL 4449458, at *1 ("I find that this charge is recoverable *as a cost*.") (emphasis added).

7

*1 (E.D. Mo. Apr. 10, 2013) (collecting cases). Some courts in this circuit allow recovery of both costs, however, "where the prevailing party offers a persuasive reason for obtaining the video depositions." *Id.* (internal quotation marks omitted) (quoting *Nat'l Benefit Programs, Inc. v. Express Scripts, Inc.*, 2013 WL 10256095 (E.D. Mo. June 19, 2012)). Plaintiff asserts that the video depositions were not necessary because the case here was merely a "run-of-the-mill employment case[.]" Doc. [55] at 5–7.

Defendant responds that the video recordings of the depositions were necessarily obtained for use in the case because the credibility of the deponents was at issue in the case. Doc. [56] at 4-6. *See Monsanto Co. v. Bayer Cropscience, N.V.*, 2007 WL 1098504, at *3 (E.D. Mo. Apr. 12, 2007), *aff'd sub nom. Monsanto Co. v. Bayer Bioscience N.V.*, 275 F. App'x 992 (Fed. Cir. 2008); *see also Barcomb v. Gen. Motors LLC*, 978 F.3d 545, 551 (8th Cir. 2020) ("It is the rare case where the credibility of the primary witness will not be at issue . . . ."). The Court is persuaded by Defendant's proffered justification and will tax the costs of the video recordings (i.e., the portion of the costs labeled "Video Deposition – Additional Hours") against Plaintiff pursuant to § 1920(2).

Defendant also seeks recovery of the connections fees charged for Dr. Trangle's and Plaintiff's depositions, with Dr. Trangle's fee totaling $35, and Plaintiff's totaling $350. *See* Doc. [54-3] at 2, 15. The Court has previously held that videoconferencing fees "are akin to travel expenses, and are not taxable." *Morgan*, 2014 WL 3687120, at *2 (citing *Sanford v. Portfolio Recovery Assocs.*, LLC, 2013 WL 5476272, at *3 (E.D. Mich. Oct. 2, 2013)). Although Morgan appears to weigh against taxing Plaintiff the videoconferencing fees, *Sanford's* reasoning suggests the Court take a different approach. In *Sanford*, videoconferencing expenses were not taxable because "conducting the depositions by videoconference was not a necessity, but rather a convenience." *Sanford*, 2013 WL 5476272, at *3. By contrast, videoconferencing during the COVID-19 pandemic was not done for the purpose of convenience but rather for the public health. *See Row Equip., Inc. v. Terex USA, LLC*, 2022 WL 152869, at *4, n.2 (S.D. Ga. Jan. 18, 2022) (implying the cost of videoconferencing resulting from the COVID-19 pandemic is properly taxable under 28 U.S.C. § 1920). Therefore, the videoconference connection fees are "costs *associated with* conducting video depositions" that this Court is authorized pursuant to § 1920(2) to award Defendant. *Lift Truck Lease & Serv., Inc. v. Nissan Forklife Corp., N. Am.*,

2013 WL 6331578, at *2 (E.D. Mo. Dec. 5, 2013) (citing *Craftsman Limousine, Inc. v. Ford Motor Co.*, 579 F.3d 894, 897 (8th Cir 2009)).

While the connection fees are generally taxable, Plaintiff is warranted in questioning the disparity between the fee charged for his deposition and Dr. Trangle's. Indeed, Plaintiff's deposition was 10 times as expensive as Dr. Trangle's. Defendant provides no explanation for the variance between the two charges. As such, the Court finds that taxing the full amount against Plaintiff would be inequitable and therefore reduces the taxable amount in half to $192.50.

Next, Plaintiff argues that the $550 of "Video Deposition – Sync Charge[s]" are not taxable costs because Defendant has not demonstrated that they were necessarily incurred for use in this case.[9] Doc. [55] at 5. Plaintiff also points to case law outside this jurisdiction that deems video synchronization charges non-taxable. *See Harrington*, 2018 WL 4100957, at *10 (citing *Meidling*, 2015 WL 12838340, at *4) ("[T]he costs associated with . . . synchronizing video depositions are not taxable."). Defendant relies upon its previously discussed argument that it is within this Court's discretion to award administrative costs to the prevailing party. Doc. [56] at 6-7.

While Defendant does not explicitly state the nature of the charges, other courts have explained the necessity of synchronization charges. *See Hynix Semiconductor Inc. v. Rambus Inc.*, 697 F. Supp. 2d 1139, 1151 (N.D. Cal. 2010) (citing *BDT Products Inc. v. Lexmark Int'l Inc.*, 405 F.3d 415 (6th Cir. 2005), *abrogated on other grounds by Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, (2012)) (noting the "time saving efficiencies obtained" through synchronizing videos with deposition transcripts). Specifically, video synchronization "enables the video to be cut according to designated lines of transcript and for the text of the testimony to be displayed when the video is played." *Id.* "The Court finds no authority, however, for taxing as costs the fees for text/video synchronization" under Section 1920. *St. Francis Med. Ctr. v. C.R. Bard, Inc.*, 2010 WL 1980328, at *1 (E.D. Mo. May 18, 2010); *see Faltermeier v. FCA US LLC*, 2017 WL 9807429, at *2 (W.D. Mo. Nov. 8, 2017). The nature of the cost precludes the Court from finding that it can be properly taxed under § 1920 as necessary for use in the case, when it is, rather, for the convenience of the party.

---

[9] Specifically, Defendant submits sync charges of $275 for Plaintiff's deposition, $225 for Dr. Trangle's deposition, and $50 for Dr. Lehman's deposition. Doc. [54-3] at 2, 7, 15.

9

Finally, Plaintiff objects to the "$100 set up fee" that was charged when Defendant deposed Plaintiff,[10] and an unspecified amount of the $375 fee charged for "Video Deposition - Before/After Hours & Weekend- 1st Hr & Set-up" at Dr. Lehman's deposition.[11]  Doc. [55] at 7, 8.  Plaintiff does not articulate a particular objection to the taxation of the set-up cost, however. *See* Doc. [55] at 7.  Because Plaintiff has failed to overcome the presumption that Defendant is entitled to the cost, Plaintiff will be taxed the full cost of the set-up fees.

## CONCLUSION

For the foregoing reasons, this Court will tax a total of $8,168.44 against Plaintiff.  Defendant's award is summed as follows:

| | |
|---|---|
| Fees of Summons and Subpoenas: | $380 |
| Deposition Transcripts/Videos: | $7,132.52[12] |
| Exemplification of Documents: | $615.92 |
| Witness Fees: | $40[13] |

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Bill of Costs is **GRANTED IN PART** and **DENIED IN PART**, as set forth in this Order.

Dated this 31st day of March, 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

---

[10] Upon review of the record, the set-up charge imposed for Plaintiff's deposition was $250, not $100.  Doc. [54-3] at 2.

[11] Plaintiff does not challenge the necessity of videotaping Dr. Lehman's deposition, as it was intended to be used to supplant his trial testimony.  *See* Doc. [54] at 2.  Still, the Court considers Plaintiff's arguments related to the $375 charge for Dr. Lehman's video set-up along with his challenge of the $100 video set-up charge assessed with respect to Plaintiff's deposition.

[12] $9,440.05 - $1,457.88 (transcription fees) - $50 (archive fees) - $57.15 (scanning costs) - $192.50 (connection fees) - $550 (video sync charges) = $7,132.52.

[13] Defendants seek the $40 witness fee for Dr. Lehman's videotaped trial deposition testimony.  *See* Doc. [54] at 2.  Plaintiff argues only that the fee should not be taxed because Dr. Lehman's "deposition should not have proceeded."  Doc. [55] at 10.  For the reasons already discussed herein, the deposition was not improper.  Thus, the $40 fee will also be taxed against Plaintiff.